In the United States District Court
for the Southern District of Georgia
Savannah Division

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 8:26 am, May 16, 2017*

ANN EDENFIELD LEMLEY,
Individually and as
Administrator of the Estate of
WILLIAM JACOB WADE, Deceased,

    Plaintiff,

    v.

RED BULL NORTH AMERICA, INC.,

    Defendant.

No. 4:17-CV-33

## ORDER

Before the Court in this products liability and wrongful death case is Defendant Red Bull North America, Inc.'s ("Red Bull, Inc.") Motion to Dismiss, dkt. no. 12. For the reasons stated below, it is **DENIED**.

### FACTUAL BACKGROUND

The Court assumes the truth of the facts alleged in the complaint. Fed. R. Civ. P. 12(b)(6). Red Bull, Inc. designed, manufactured, tested, marketed, and distributed the famous energy drink "Red Bull." Dkt. No. 1 ¶ 2. Red Bull contains caffeine and taurine. Id. ¶ 31. Red Bull, Inc. markets Red Bull as "provid[ing] benefits to consumers in that

it 'gives [them] wings' resulting in increased physical and/or mental performance." Id. ¶ 25. Red Bull and similar energy drinks have been the subject of media, legal, and medical scrutiny for their supposed role in heart problems—some fatal. Id. ¶¶ 10-23.

Decedent William Jacob Wade started drinking four twelve-ounce cans of Red Bull a day beginning in 2009. Id. ¶ 6. He did so on August 7, 2014 at 8:00 PM, then again the next morning. Id. ¶ 7. Thereafter, he was found unresponsive. Id. He was pronounced dead due to aortic dissection at 2:00 PM on August 8, 2014. Id. ¶¶ 7-8.

Plaintiff Ann Edenfield Lemley filed this suit on February 23, 2017. Dkt. No. 1. She alleged strict-liability design defect and failure to warn; negligent design, manufacture, and sale; negligent failure to warn; fraud; and wrongful death. See generally id.

Red Bull, Inc. moved to dismiss for failure to state a claim on March 24, 2017. Dkt. No. 12. The motion is fully briefed and ripe for decision. Dkt. Nos. 12-1, 18, 20.

**LEGAL STANDARD**

A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must go beyond "labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It has to "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. They must send a case across the threshold from possibility to plausibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### DISCUSSION

Red Bull, Inc.'s motion to dismiss will be denied. Red Bull, Inc.'s only arguments are that the complaint is a shotgun pleading and it does not adequately plead fraud. Neither contention succeeds.

### I. THE COMPLAINT IS NOT A SHOTGUN PLEADING.

Red Bull, Inc. unpersuasively characterizes the complaint as an improper shotgun pleading. Dkt. No. 12-1 at 8-9. Specifically, Red Bull, Inc. says the complaint improperly has each count "incorporate[ ] by reference all preceding and all subsequent paragraphs." Id. at 8; see also Dkt. No. 20 at 5. That accusation does line up with one of the four species of shotgun pleadings recently recognized by the Eleventh Circuit. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313,

1321 (11th Cir. 2015). But it misses what is actually wrong with a shotgun pleading—that such a complaint "fail[s] to one degree or another, and in one way or another, to give the defendant[ ] adequate notice of the claims against [it] and the grounds upon which each claim rests." Id. at 1323. Here, the complaint just "provides a detailed factual background, and then reincorporates that background . . . into each count. The allegations are not so vague that Defendants cannot respond," and they are "properly separated" into different counts. Homonai v. City of Fruitland Park, No. 5:16-CV-610, 2017 WL 1495806, at *3 (M.D. Fla. Apr. 26, 2017). Thus, the complaint is not a shotgun pleading. See id.; Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading . . . ."); Wright & Miller, Fed. Prac. & Proc. Civ. § 1326 (3d ed.) ("Facts alleged in connection with one count, defense, or paragraph may be incorporated by reference in a different count, defense, or paragraph of the same pleading. . . . When the pleader asserts several claims for relief or defenses that rest on a common factual pattern, incorporation by reference eliminates any unnecessary repetition of the transactions and events upon which the pleader relies." (footnotes omitted)).

AO 72A (Rev. 8/82)

## II. THE FRAUD CLAIM IS ADEQUATELY PLED.

Lemley's fraud claim satisfies the ordinary and heightened pleading standards for fraud. As to the ordinary standard, fraud has five elements:

> (1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

Bacote v. Wyckoff, 310 S.E.2d 520, 523 (Ga. 1984); see also Dasher v. Davis, 618 S.E.2d 728, 730 (Ga. Ct. App. 2005) (identifying omissions as a way of satisfying first element). The complaint here alleges that: (1) Red Bull, Inc. kept silent regarding health risks posed by Red Bull; (2) Red Bull, Inc. actually or constructively knew of such risks; (3) Red Bull, Inc. kept silent about the risks to induce Wade and other customers to buy and drink Red Bull; (4) Wade relied on Red Bull, Inc. to disclose health risks associated with Red Bull; and (5) Wade died because as a proximate result of Red Bull, Inc.'s silence. Dkt. No. 1 ¶¶ 75, 77-81. The complaint adequately pleads fraud under the ordinary standard.

It also satisfies the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b), which requires the complaint to state

(1) precisely what . . . omissions were made, and (2) the time and place of each such statement and the person responsible for . . . not making[] same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)) (quotation omitted in original). Here, the complaint alleges that Red Bull, Inc.: (1) kept silent as to facts regarding health risks posed by Red Bull; (2) it did so between 2009 and August 7, 2014, the period when Wade regularly drank four Red Bull cans a day; (3) Wade was misled into thinking Red Bull was not associated with potential health risks; and (4) Red Bull, Inc. got Wade to drink about four cans of Red Bull a day for about five years as a consequence. Dkt. No. 1 ¶¶ 6-7, 75, 79-80. This pleading is adequate under Rule 9(b).

## CONCLUSION

For the reasons above, Red Bull, Inc.'s Motion to Dismiss, dkt. no. 12, is **DENIED**. Per this Court's previous order, dkt. no. 15, Red Bull, Inc. has **14 days** from today's Order to file its answer.[1]

---

[1] Accordingly, Lemley's request that default judgment be entered against Red Bull, Inc. is **DENIED**.

**SO ORDERED**, this 16th day of May, 2017.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA